IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN MACKIE,

        Plaintiff,                    CV F 04 5456 AWI WMW P

    vs.                             ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

CSATF DOCTOR, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendant Dr. Bhatt, Chief Medical Officer at the California Substance Abuse Treatment Facility at Corcoran(SATF) and Derral Adams, Warden at SATF.

        Plaintiff's claim in this complaint appears to be that medical officials at SATF are not in compliance with a class action that has been entered in a case in the Northern District of California regarding medical care.  Plaintiff's allegations consist of generalized allegations regarding his medical care in general.

        Under the Eighth Amendment, the government has an obligation to provide

medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id. at 1132.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

1         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5    there is some affirmative link or connection between a defendant's actions and the claimed

6    deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

7    1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

9    order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

10   amended complaint be complete in itself without reference to any prior pleading.  This is

11   because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

12   v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

13   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

14   original complaint, each claim and the involvement of each defendant must be sufficiently

15   alleged.

16        In accordance with the above, IT IS HEREBY ORDERED that:

17        1.  Plaintiff's complaint is dismissed; and

18        2.  Plaintiff is granted thirty days from the date of service of this order to file a

19   first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

20   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

21   docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

22   file an amended complaint in accordance with this order will result in a recommendation that this

23   action be dismissed.

24

25   IT IS SO ORDERED.

26

1  **Dated:    February 21, 2007**                   **/s/  William M. Wunderlich**
   mmkd34                                    UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26